## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **KATHY LYNNE KELLY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13CV00009 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN, ACTING** | ) | By:  James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY,**[1] | ) | |
| | ) | |
| Defendant. | ) | |

*E. Craig Kendrick, Browning, Lamie & Gifford, P.C., Abingdon, Virginia, for Plaintiff; Nora Koch, Acting Regional Chief Counsel, Region III, Robert W. Kosman, Assistant Regional Counsel, and Maija DiDomenico, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the decision of the Commissioner.

## I

Plaintiff Kathy Lynne Kelly filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income benefits

---

[1] Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted for Michael J. Astrue as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-434, 1381-1383f (West 2011, 2012 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Kelly filed for DIB and SSI administratively on November 4, 2009. After preliminary denials of her claims, she obtained a hearing before an administrative law judge ("ALJ") on October 17, 2011, at which she was represented by her present counsel and during which she testified along with an impartial vocational expert. On January 9, 2012, the ALJ issued a written decision finding that Kelly was not disabled under the Act. Kelly requested review by the Social Security Administration's Appeals Council. The Appeals Council denied her request for review, thereby making the ALJ's decision the final decision of the Commissioner. Kelly then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed and orally argued. The case is ripe for decision.

II

Kelly claimed that she had been unable to work since July 16, 2007, based upon both exertional and nonexertional impairments, including chronic obstructive pulmonary disease ("COPD"), asthma, degenerative disc disease, ostetoporsis, anxiety, chronic chest pain, and chronic lumbar back pain. She was born in 1962

and at the time of the hearing before the ALJ was 49 years old.   She obtained a GED in 1981 and has worked in the past as an office clerk and supervisor, a receptionist, and a hotel front desk supervisor.[2]

In his written decision, the ALJ reviewed Kelly's medical history and the testimony presented at the hearing and set forth at length the reasons for his factual findings.   He found that Kelly had severe impairments caused by COPD and asthma, although her asthma did not meet or equal the severity of a listed impairment under the applicable Social Security regulations.  In addition, he found that she had the residual functional capacity to perform light work, as defined by the regulations, with limitations appropriate to her impairments.  Based upon the testimony of the vocational expert, the ALJ determined that Kelly was capable of performing certain of her past relevant jobs, as well as other types of jobs existing in significant numbers in the national economy.

It is contended in the present case that the ALJ erred in his credibility determinations, and specifically in failing to accept Kelly's own descriptions of her impairments and the resulting pain and limitations.   It is also argued that in reaching his decision the ALJ placed insufficient weight on the opinions of Kelly's treating physician, Michael Baron, M.D., and too much weight on the opinions of

---

[2]   Kelly previously applied for DIB and SSI on September 19, 2009, which applications were denied following a hearing by a different ALJ.  The Appeals Council denied review of that decision on February 24, 2009.

the state agency physicians who reviewed the medical records but did not personally examine the plaintiff.

## III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared

-4-

with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the record evidence and conclude that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standard.

The ALJ found Kelly's testimony only partially credible, based upon the other evidence in the record. In particular, he found that her descriptions of her pain and other limitations were inconsistent with her treating physician's notes and

reports and with her admitted life activities, including caring for her two young grandchildren while her son was deployed overseas with the military.  (R. 24-25.)[3] He also noted that although suffering from breathing disorders and advised by her doctor to stop smoking, she continued to smoke and was "not forthright about her tobacco use."  (R. 24.)[4]

A treating physician's medical opinion will be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2013).  However, the ALJ has "the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."  *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  The ALJ was within his discretion to afford less weight to Dr. Baron's opinion in this case, based upon its reliance upon the plaintiff's subjective reports of her symptoms and conclusory nature.  Furthermore, no special weight is afforded to a medical opinion on issues reserved to the Commissioner, such as whether a claimant is disabled.   20 C.F.R. §§ 404.1527(d)(1),

---

[3]   Dr. Baron wrote in December of 2009 that she was caring for her two small grandchildren five days and nights a week, over two years after she claimed she became disabled.  (R. 371.)

[4]   In spite of her doctor's notation that she was still smoking in July of 2011, Kelly told the ALJ at the hearing in October that she had stopped smoking and had last smoked a cigarette in May,  "[A]nd that was just one.  I had a real stressful moment."  (R. 75.) When confronted by the ALJ with the doctor's note, she agreed that it was "possible" because "July is a very stressful and bad month for me."  (*Id.*)

416.927(d)(1) (2013).  Therefore, the ALJ's decision was supported by substantial evidence.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied, and the defendant's Motion for Summary Judgment is granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER:   November 8, 2013

/s/  James P. Jones
United States District Judge